IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | 10 286 |
| Plaintiff, | ) ) ) | Civil Action No. |
| | ) ) | COMPLAINT JURY TRIAL DEMAND |
| ASTEA INTERNATIONAL, INC. Defendant, | ) ) ) ) | |

### NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act to correct unlawful employment practices on the basis of age and to provide appropriate relief to Frank Fesnak who was adversely affected by such unlawful practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Frank Fesnak, age 47 at the time, was discriminated against based on his age when he was suddenly terminated without notice or warning and immediately replaced by a less qualified individual, age 32. As a result of these willful discriminatory practices, Mr. Fesnak has suffered back pay losses.

### JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b) (the "ADEA"), which incorporate by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

2.   The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

1

## PARTIES

3.   Plaintiff, the Equal Employment Opportunity Commission (The "Commission"), is the agency of the United States of America charged with administration, interpretation and enforcement of the Age Discrimination in Employment Act, and is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626 (b), as amended by Section 2 of Reorganization Plan No.1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4.   At all relevant times, Defendant, Astea International, Inc. (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania and the City of Horsham and has continuously had at least 20 employees.

5.   At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 11(b)(g) and (h) of the ADEA, 29. U.S.C. § 630 (b) (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Frank Fesnak filed a charge with the Commission alleging violations of the Age Discrimination in Employment Act of 1967. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January of 2006, Defendant Employer has engaged in unlawful employment practices at its Horsham, PA facility by unlawfully subjecting Frank Fesnak to disparate treatment based upon his age in violation of Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626 (b). These unlawful practices include, but are not limited to, the following:

2

(a)     Mr. Fesnak began his employment with Defendant as Vice President of Strategic Alliances in September of 2004 at the age of 46.

(b)     For the first eight months of his employment, Mr. Fesnak reported to the Vice President of Sales. During this time, he had no performance issues and was never disciplined.

(c)     In May of 2005, Mr. Fesnak began to report to Defendant's President when the Vice President of Sales left the company. By July of 2005, Defendant hired Mark Kolibas as the new Vice President of Sales. Defendant's President instructed Mr. Fesnak to continue reporting directly to him.

(d)     Despite the President's instruction, Mr. Kolibas began to treat Mr. Fesnak as a subordinate. He excluded Mr. Fesnak from management meetings and prohibited him from interacting with certain members of senior management.

(e)     Eventually, Mr. Kolibas became Mr. Fesnak's direct supervisor.

(f)     Mr. Kolibas made age-biased comments to Mr. Fesnak such as, "Employees in their 40's and 50's are burnouts," and stated that he wanted to hire "younger, hungrier employees to staff his department."

(g)     Mr. Fesnak learned that during a group meeting, Mr. Kolibas drew the numbers 40 and 50 on a board, circled each number and drew a line threw it, while stating that these age groups were undesirable for employment and repeatedly used the term "burnouts" to describe employees in these age groups.

(h)     On January 3, 2006, Mr. Kolibas terminated Mr. Fesnak, age 47, without warning.

(i)     Mr. Kolibas immediately hired Rick Lobo, (age 32 at the time), to replace Mr. Fesnak.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Frank Fesnak of equal employment opportunities and otherwise adversely affect his status as an employee because of his age.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Frank Fesnak.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in age discrimination.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which provide for a work environment free of age discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-age discrimination policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against age discrimination.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to

actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of age discrimination of which they become aware to the department charged with handling such complaints.

    F.    Pursuant to 29 U.S.C. § 216 (b), order Defendant Employer to pay Frank Fesnak liquidated damages for its willful, malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Acting Regional Attorney

*/s/ Rachel M. Smith*
**RACHEL M. SMITH**
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2642; (215) 440-2828 (FAX)